**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

DAVID M. TENACE,
                Petitioner,

v.                                No. 04-CV-29
                                       (LEK/DRH)

DALE ARTUS, Superintendent, Clinton
Correctional Facility,
                Respondent.
_____

**APPEARANCES:**                            **OF COUNSEL:**

DAVID M. TENACE
Petitioner Pro Se
No. 02-A-2798
Clinton Correctional Facility Annex
Post Office Box 2002
Dannemora, New York 12929-2002

HON. ELIOT SPITZER                NELSON SHEINGOLD, ESQ.
Attorney General for the             Assistant Attorney General
   State of New York
Attorney for Respondent
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

      Petitioner David M. Tenace ("Tenace") is currently an inmate in the custody of the New York State Department of Correctional Services (DOCS) at Clinton Correctional Facility. Tenace pleaded guilty on May 18, 2002 to burglary in the second degree in Schenectady County Court, was sentenced to a determinate term of seven and one-half

___

      [1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

years imprisonment, and is currently serving that sentence. Tenace now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that the trial court lacked jurisdiction to prosecute and that the trial court's misinterpretation of New York law violated his due process rights. For the reasons which follow, it is recommended that the petition be denied.

## I. Background

On May 2, 2001, Tenace entered a dwelling at 1230 Strafford Road in Schenectady, New York and removed property that did not belong to him. SR. 8.[2] On August 3, 2001, Tenace pleaded guilty to burglary in the second degree in full satisfaction of all charges listed in a superior court information. SR. 1-5. As part of the plea agreement, Tenace waived his right to be indicted by the grand jury and waived his right to appeal the conviction and sentence. SR. 4-9, 68-72.

On May 12, 2003, Tenace moved to vacate the conviction pursuant to New York Criminal Procedure Law § 440.10. SR. 16-45. This motion was denied on August 20, 2003. SR. 73-77. On September 3, 2003, Tenace moved for re-argument and reconsideration of the August 20 decision. SR. 78-82. On November 19, 2003, the court agreed to reconsider its decision and declined to overturn the decision denying Tenace's motion. SR. 78-82. Tenace's application for leave to appeal to the Appellate Division was denied on October 29, 2003. SR. 83-91. This action followed.

---

[2] "SR." followed by a number refers to the pages of the state court records filed by respondent with his answer. Docket No. 6.

2

## II. Discussion

### A. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, restricts review of habeas petitions. In order for a petitioner to be granted relief under the AEDPA, it is necessary to show that a claim adjudicated on the merits by a state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Aparicio v. Artuz, 269 F.3d 78, 93 (2d Cir. 2001). Clearly established federal law refers to the "holdings, as opposed to the dicta, of [the Court's] decisions as of the time of the relevant state-court decision." Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir. 2002).

To adjudicate a claim on the merits, the state court need not mention the argument raised, cite relevant case law, explain its reasoning process, or address the claim in detail. Ryan v. Miller, 303 F.3d 231, 245-46 (2d Cir. 2002). "Rather, a state court adjudicates a claim on its merits by (1) dispos[ing] of the claim on the merits, and (2) reduc[ing] its disposition to judgment." Howard v. Walker, 406 F.3d 114, 122-23 (2nd Cir. 2005) (quoting Norde v. Keane, 294 F.3d 401, 410 (2d Cir. 2002)). No explanation of the court's reasoning process is necessary. Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001).

"A state-court decision is 'contrary to' [the Supreme Court's] clearly established precedents if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from

3

[Supreme Court] precedent." Early v. Packer, 537 U.S. 3, 8 (2002) (internal quotation marks omitted) (citing Williams v. Taylor, 529 U.S. 362, 405 (2000)). Under the "unreasonable application" clause, "a federal habeas court . . . should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. "[A]n unreasonable application of federal law is different from an incorrect application." Jones v. Stinson, 229 F.3d 112, 119 (2d Cir. 2000).

### B. Exhaustion

As a threshold matter, respondent contends that Tenace has failed to exhaust his state court remedies.³ A habeas petitioner must exhaust all state court remedies before seeking federal habeas corpus relief. Duckworth v. Serrano, 454 U.S. 1, 3 (1981); Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994); 28 U.S.C. § 2254(b), (c). Exhaustion requires that a petitioner both "fairly present" federal constitutional claims to the highest state court and utilize all available avenues of appellate review within the state before proceeding to federal court. Dorsey v. Kelly, 112 F.3d 50, 52 n.1 (2d Cir. 1997); Bossett, 41 F.3d at 828. To have fairly presented a claim, "the petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." Daye v. Attorney Gen., 696 F.2d 186, 191 (2d Cir.1982). A petitioner may fairly present claims by

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional

---

³ Respondent also contends that Tenace waived the present claims by entering a guilty plea. Resp't Mem. of Law (Docket No. 6) at 3. However, a jurisdictional challenge survives a guilty plea. Hayle v. United States, 815 F.2d 879, 881 (2d Cir. 1987). Tenace's claims, viewed liberally, present a jurisdictional challenge and therefore survive his guilty plea.

4

> analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

Daye, 696 F.2d at 194; see also Gray v. Netherland, 518 U.S. 152, 153 (1996); Jones v. Vacco, 126 F.3d 408, 413 (2d Cir.1997). The exhaustion doctrine requirement is "that a petitioner must have presented his [or her] claim to the state courts at least once, on direct or collateral review." Fielding v. LeFevre, 548 F.2d 1102, 1106 (2d Cir.1977); Figueroa v. Portuondo, 96 F. Supp. 2d 256, 276 (S.D.N.Y. 1999).

Here, Tenace did not make a direct appeal of these claims but presented these claims on collateral review. SR. 16-45. The county court denied the motion on the merits and again on reconsideration. SR. 73-82. Tenace's appeal of his application was denied. SR. 83-91. There is no appeal allowed from the denial of an application. People v. Corso, 85 N.Y.2d 883 (1995). Therefore, the state court had an opportunity to address Tenace's claims and Tenace pursued all avenues of appeal.[4]

Therefore, respondent's argument on this ground should be rejected.

### C. Merits

Tenace contends in his two claims that his waiver of indictment was not valid and that the superior court information was jurisdictionally defective because it did not indicate that violence was an element of second degree burglary. Respondent contends that his claim lacks merit.

---

[4] Tenace apparently believed that a direct appeal was not available to him. See Traverse (Docket No. 8) at 5-6.

5

"A defendant may waive indictment and consent to be prosecuted by superior court information." N.Y. Crim. Proc. Law § 195.10. Where the defendant waives indictment by a grand jury, the prosecution proceeds by superior court information. See N.Y. Crim. Proc. L. § 195.10(2)(b); Hogan v. Ward, 998 F. Supp. 290, 295 (W.D.N.Y. 1998). In order for such a waiver to take effect, the defendant must execute a waiver of indictment that meets the requirements of § 195.20. Failure to conform to this section is treated as a jurisdictional defect under New York law. People v. Boston, 75 N.Y. 2d 585 (1990). A waiver of indictment must be in writing and must include any offense for which the defendant was held for action of a grand jury. N.Y. Crim. Proc. Law § 195.20. Tenace contends that the waiver did not describe the offense as including a violent act and therefore did not comply with § 195.20.

This claim raises a question of state law alone and is not cognizable on federal habeas review. "Federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991). In any event, the county court concluded that Tenace's waiver complied with New York Criminal Procedure Law and a state court's determination under state law is not reviewable through a federal petition for habeas corpus. Melendez v. Garvin, 256 F. Supp. 2d 183, 185 (S.D.N.Y. 2003). In addition, this claim is not reviewable because it is antecedent to and independent of Tenace's guilty plea. Tollett v. Henderson, 411 U.S. 258, 267,(1973); Tucker v. McCoy, No. 97-B-2410, 2004 WL 1698334, at *6 (W.D.N.Y. July 29, 2004).

Tenace's contention in ground two that the state court's intrepretation of N.Y. Penal Law § 70.02 as a classification statute violates due process is clearly without merit. Section 70.02 classified second degree burglary as defined in N.Y. Penal Law § 140.25 as a class

6

C violent felony. It does not add an element to the crime but plainly prescribes mandatory sentencing based on the nature of the crime.[5] N.Y. Penal Law § 70.02(2)(a). Therefore, Tenace's claims that classification of second degree burglary as a violent felony offense adds an element of violence to the crime are meritless. As discussed, this section does not add an element of violence to the crime of second degree burglary but merely sets the sentencing range based on conviction of the crime as described in § 140.25. There are no aggravating or enhancing factors and therefore Apprendi v. New Jersey, 530 U.S. 466 (2000), is not applicable.[6] The record is clear that the crime charged in both the superior court information and waiver of indictment defined second degree burglary as a class C violent felony. SR. 68-71.

In addition, the county court ruled on this issue on the merits and that decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" and was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1).

The petition on its merits should be denied.

---

[5] Respondent submits legislative history for § 70.02 which further supports the plain meaning of this statute as a sentencing statute and not a substantive statute. See Resp't Mem. of Law at Ex A.

[6] In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS. 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: May 27, 2005
     Albany, New York

_David R. Homer_
United States Magistrate Judge